IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures, LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>v.<br><br>LOU GEORGES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>**Case No. 2:12-cv-00076-DN**<br><br>**Judge David Nuffer** |

This order resolves Lou Georges' ("Defendant") multifaceted motion to dismiss[1] for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, improper venue, forum non conveniens, and a motion for a more definite statement.  Defendant's filing also appears to contain his answer[2] to R. Wayne Klein's (the "Receiver") complaint and a "Cross Action"[3] against the Receiver requesting dismissal and attorneys' fees.  After carefully reviewing the parties' filings and relevant legal authorities, the motion is DENIED for the reasons set forth below.

## BACKGROUND

This case arises out of a lawsuit that was initiated on January 24, 2011 by the Commodities Futures Trading Commission ("CFTC") against a group of individuals and

---

[1] 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction; 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction[;] 12(b )(3) Motion to Dismiss for Improper Venue and Forum Non Conveniens[;] 12(e) Motion for a More Definite Statement[;]  Subject to 12(b) Pleas to the Jurisdiction, Venue and Forum Non Conveniens[; and] 12 (e) Motion, Defendant's Answer and Cross Action (Motion to Dismiss), docket no. 7, filed June 11, 2012.

[2] *Id.* at 7.

[3] *Id.* at 20.

companies for an alleged Ponzi scheme.[4]  CFTC alleged that U.S. Ventures, LC ("U.S. Ventures"), Winsome Investment Trust, Robert J. Andres and Robert L. Holloway, (collectively, the "Receivership Defendants") operated a fraudulent commodity investment program and defrauded investors of over $50 million.[5]  On January 25, 2011, District Judge Bruce Jenkins appointed the Receiver to handle the affairs of the Receivership Defendants.[6]  Defendant, a Texas resident, worked for the Receivership Defendants and admits he "received payments from Robert Holloway from his wholly owned company, U.S. Ventures' operating account."[7]  In this action, the Receiver seeks to recover at least $186,291.00, which the Receiver alleges Defendant fraudulently received between November 16, 2005 and September 17, 2009.[8]

## DISCUSSION

Because Defendant is proceeding pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[9]  However, pro se litigants "must follow the same rules of procedure that govern other litigants."[10]

This order will now address each of Defendant's arguments in turn.

### I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant argues that because the Receiver did not timely file copies of the Order of Appointment as required under 28 U.S.C. § 754, this Court lacks subject matter jurisdiction.[11]

---

[4] See U.S. Commodity Futures Trading Commission v. U.S. Ventures, et al., Case No. 2:11-cv-00099-BSJ ("CFTC Action").

[5] CFTC Action Complaint at 2, docket no. 1, filed January 24, 2011.

[6] CFTC Action Order Granting Plaintiff's Ex Parte Motion at 7, docket no. 15, filed January 25, 2011.

[7] Motion to Dismiss at 8, docket no. 7, filed June 11, 2012.

[8] See Complaint to Avoid Fraudulent Transfers, for Constructive Trust and Other Provisional Remedies and for Damages against Lou Georges, at 14, docket no. 2, filed January 18, 2012.

[9] See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

[10] Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

[11] Motion to Dismiss at 1–2.

Specifically, Defendant contends that the Receiver "failed to file copies of the order of appointment in San Antonio within *ten days*," of the date of appointment.[12]  Insufficient filing under 28 U.S.C. § 754[13] is an argument against *personal* jurisdiction,[14] rather than an argument against *subject matter* jurisdiction.  However, because the Defendant is pro se, the argument will be addressed.

Section 754 does not specify how the ten-day period should be computed, however, "the general rule for computation of time" is found in Rule 6(a) of the Federal Rules of Civil Procedure.[15]  The Receiver's date calculation shows that the notice of appointment was timely filed:

---

[12] *Id.* at 2 (emphasis added).

[13] 28 U.S.C. § 754 reads:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.

> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.

> Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.

[14] *See Wing v. Apex Holding Co.,* No. 2:09-CV-00022, 2009 WL 2843343, at *3 (D. Utah Aug. 27, 2009); *Klein v. Abdulbaki*, No. 2:11-CV-00953, 2012 WL 2317357, *2 (D. Utah June 18, 2012); *Klein v. Cornelius*, No. 2:11-CV-1159-DAK, 2012 WL 2261114, at *5 (D. Utah June 15, 2012).

[15] *Rush v. United States*, 256 F.2d 862, 865 (10th Cir. 1958); *see also Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) ("The general rule for computing time limitations in federal courts is Federal Rule of Civil Procedure 6(a).")

Rule 6(a)(1) provides the following:

> The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time. . . . When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[T]he Receiver was reappointed on September 28, 2011.  Pursuant to Rule 6, the ten-day period began to run on September 29, 2011.  Ten days from September 29, 2011 fell on Saturday, October 8, 2011.  Therefore, pursuant to Rule 6(a)(1)(C), "the period continues to run until the end of the next [day] that is not a Saturday, Sunday, or legal holiday."  Because Monday, October 10 was Columbus Day, a federal holiday, the period ran until the end of the day on October 11, 2011.[16]

The exhibits submitted by the Receiver[17] show that the Receiver timely filed the appropriate notice in the Western District of Texas and therefore this Court has jurisdiction.  This Court has subject matter jurisdiction over this suit as ancillary jurisdiction to the appointment of the Receiver.[18]

II.    **Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant asserts that this Court lacks personal jurisdiction over him because "minimum contacts" with the District are lacking.[19]  Defendant contends that this suit violates the Due Process Clause of the Fourteenth Amendment set forth in *International Shoe Co. v. Washington*[20] because "[w]hen an individual has no 'minimum contacts' with a forum state, the Due Process Clause of the Fourteenth Amendment prohibits that State from acting against that individual."[21]  In *International Shoe*, one of the issues was "whether, within the limitations of the due process clause of the Fourteenth Amendment, appellant, a Delaware corporation, ha[d] by its

---

[16] Opposition to Defendant's Motion to Dismiss (Opposition Memorandum) at 2, docket no. 10, filed August 1, 2012 (citation omitted).

[17] Order Reappointing Receiver (Exhibit 4) and Notice of Receivership (Exhibit 5), attached to Opposition Memorandum, docket no. 10, filed August 1, 2012.

[18] *See Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982) ("Ancillary jurisdiction rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety." ); *Cornelius*, 2012 WL 2261114, at *2, 4 ("Order Appointing Receiver gives the Receiver the authority to bring this ancillary action to collect a potentially fraudulent transfer."); *Wing v. Storms,* No. 1:02-CV-127, 2004 WL 724448, at *3 (D. Utah Feb. 5, 2004) ("Judicial economy would be promoted by maintaining this litigation in Utah because it is an ancillary proceeding to the [Receivership's] action against [Defendant].").

[19] Motion to Dismiss at 2.

[20] 326 U.S. 310 (1945).

[21] Motion to Dismiss at 2.

activities in the State of Washington rendered itself amenable to proceedings in the courts of that

state to recover unpaid contributions to the state unemployment compensation fund exacted by

*state statutes*."[22]  The Supreme Court held that "due process requires only that in order to subject

a defendant to a judgment in personam . . . he have certain minimum contacts with [the forum]

such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'"[23]

      In contrast to *International Shoe* where the claim arose under state statutes, the present

case is filed under the *federal* receivership statute; therefore, the personal jurisdiction analysis in

*Peay v. BellSouth Medical Assistance Plan*[24] applies.  In *Peay*, the Tenth Circuit provided a two-

prong test to determine whether a federal court can assert personal jurisdiction over a defendant:

"(1) whether the applicable statute potentially confers jurisdiction by authorizing service of

process on the defendant and (2) whether the exercise of jurisdiction comports with due

process."[25]  As to the first prong, courts in this District have found that 28 U.S.C. §§ 754 and

1692 of the federal receivership statute "[r]ead together . . . confer nationwide service of

process."[26]  The federal receivership statute confers nationwide service of process, and "becomes

the statutory basis for personal jurisdiction."[27]  The Receiver filed a Notice of Receivership with

the Western District of Texas pursuant to 28 U.S.C. § 754.[28]  Defendant was then served with a

copy of the Summons and Complaint pursuant to 28 U.S.C. § 1692 and Fed. R. Civ. P. 4, which

---

[22] *International Shoe*, 326 U.S. at 311 (emphasis added).

[23] *Id.* at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

[24]  205 F.3d 1206 (10th Cir. 2000).

[25] *Peay*, 205 F.3d at 1209 (internal quotation marks omitted) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)).

[26] *Apex Holding Co.*, 2009 WL 2843343, at *3; s*ee also Storms,* 2004 WL 724448, at *1 ("[T]he federal statute governing receiverships . . . provide[s] for nationwide service of process.").

[27] *Peay*, 205 F.3d at 1210 (quoting *Republic of Panama*, 119 F.3d at 942).

[28] Notice of Receivership, attached as Exhibit 5 to Opposition Memorandum.

states that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute."[29]  Therefore, the first prong has been satisfied.

The second *Peay* prong requires examining whether exercising jurisdiction over Defendant comports with due process.  Defendant asserts that the Due Process Clause of the Fourteenth Amendment applies in the present case.[30]  The *Peay* court, however, noted that "in federal question cases, personal jurisdiction flows from the Due Process Clause of the Fifth Amendment," instead of the Fourteenth.[31]  "[I]n a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant."[32]  And the burden is on the defendant to show "that his liberty interests actually have been infringed . . . . [and] that the exercise of jurisdiction in the chosen forum will make litigation . . . gravely difficult and inconvenient."[33]

The Tenth Circuit, in *Peay,* set out a list of factors that courts should consider in evaluating whether a defendant has met his burden:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the

---

[29] Fed. R. Civ. P. 4(k)(1)(C).

[30] Motion to Dismiss at 2.

[31] *Peay*, 205 F.3d at 1210; s*ee also Republic of Panama*, 119 F.3d at 942 ("It is well established that when . . . a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the Fifth, rather than the Fourteenth, Amendment.").

[32] *Peay*, 205 F.3d at 1212.

[33] *Id.* (internal quotation marks omitted) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985)).

discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.[34]

The Tenth Circuit also underscored that "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern."[35]   Defendant's two main reasons why this Court lacks personal jurisdiction are that "he has insufficient minimum contacts with the state of Utah, . . . . [and he] has never purposefully availed himself of the benefits or privileges of Utah Law or conducted activities within the forum State."[36]   Defendant does not engage in the *Peay* analysis and the two reasons provided by him do not satisfy his burden to demonstrate that the inconvenience of defending a lawsuit in Utah rises to a level of constitutional concern.

The first *Peay* factor is met because Defendant's contact with Utah, although minimal, is still ascertainable.  "Defendant is a member of Visual Reach, LLC, a Utah Limited Liability Company, which had its principal place of business in Utah."[37]   The second factor is met because Defendant has not established how he would be inconvenienced by litigating in Utah.  Although Defendant is pro se, the inconvenience of litigating without counsel in this District is not significantly more than litigating without counsel in Texas.  The remaining *Peay* factors support a finding of personal jurisdiction.  "The various lawsuits brought by the Receiver would require litigation in scores of federal district courts, drastically increasing the judicial resources required to prosecute the receivership."[38]   The court in *Klein v. Cornelius* noted that "the judicial

---

[34] *Peay*, 205 F.3d at 1212.

[35] *Id.* at 1212.

[36] Motion to Dismiss at 2–3.

[37] Opposition Memorandum at 6.

[38] *Cornelius*, 2012 WL 2261114, at *6.

economy factor weighs heavily in favor of finding personal jurisdiction."[39]  Also, "[i]n this age

of instant communication . . . and modern transportation,"[40] Defendant cannot establish grave

difficulty with the discovery process and proceedings.  And the final *Peay* factor examines the

nature of the regulated activity in question—the administration of a receivership—which "by its

nature, involves the resolution, in one centralized forum, of competing claims and interests

arising from activities which may have occurred throughout the United States."[41]  This factor

weighs in favor of the Receiver because Defendant's activities—receiving payments from U.S.

Ventures, a Utah limited liability company—reached beyond the borders of Texas.

　　　　For a further measure of guidance, even if Defendant were to show grave difficulty in

litigating the case in Utah, *Peay* still permits this court to exercise personal jurisdiction over

Defendant because the "federal interest in litigating the dispute in the chosen forum outweighs

the burden imposed on the defendant."[42]  As noted in previous decisions within our District,

"[t]here is a strong federal interest in having this court, which created the receivership, maintain

the litigation related to the receivership."[43]  Accordingly, the *Peay* factors weigh in favor of

litigating in Utah.

### III.　　Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted

　　　　In one sentence, without supporting averments, Defendant indicates that this case "must

be dismissed because [the Receiver] has failed to state a case upon which relief can be

---

[39] *Id.*

[40] *Peay*, 205 F.3d at 1213 (internal quotation marks and citations omitted).

[41] *In re Harwell*, 381 B.R. 885, 891 (Bankr. D. Colo. 2008).

[42] *Peay*, 205 F.3d at 1213.

[43] *Storms*, 2004 WL 724448, at *3.

granted."[44]  Although pleadings in pro se cases are to be liberally construed, pro se litigants need

to "follow the same rules of procedure that govern other litigants."[45]  It is not "the proper

function of the district court to assume the role of advocate for the pro se litigant."[46]  The Court

cannot supply a rationale to determine the case for failure to state a claim.

### IV.      Motion to Dismiss for Improper Venue and Forum Non Conveniens

Defendant argues that under 28 U.S.C. § 1391 proper venue is in the Western District of

Texas, San Antonio Division, and urges the Court to transfer the case.[47]  However, there are two

reasons why venue is proper in this District and the doctrine of forum non conveniens is not met.

First, 28 U.S.C. § 1391 allows a civil action to be brought in "a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred . . . ."[48]  This

provision is satisfied because Defendant received the payments in question from U.S. Ventures,

which is a Utah limited liability company and is alleged to have operated the Ponzi scheme at

issue from Utah.

Second, although the doctrine of Forum Non Conveniens codified under 28

U.S.C. § 1404 provides that a district court, for convenience, may transfer the civil action to

another district, "[c]ourts must nevertheless give great weight to a Plaintiff's choice of forum, . .

. . [and t]his general rule is magnified in a receivership action."[49]  "[T]he Receiver's authority to

---

[44] Motion to Dismiss at 7.

[45] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citations omitted).

[46] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[47] Motion to Dismiss at 3–4.

[48] 28 U.S.C. §1391(b)(2).

[49] *Apex Holding Co*, 2009 WL 2843343, at *9.

serve process nationwide pursuant to 28 U.S.C. §§ 754 and 1692 suggests that Congress intended a federal receiver's choice of forum to carry particular weight."[50]

## V.  Motion for a More Definite Statement

Defendant seeks a more definite statement under Rule 12(e).  Defendant contends that the Receiver's "pleadings are so vague, ambiguous and conclusory that Defendant cannot reasonably prepare a presponse [*sic*]."[51]  Because Defendant proceeds, in the same filing, to answer the complaint, the Court deems Defendant's 12(e) motion **MOOT**.

## VI.  Counterclaim Against the Receiver

Although Defendant's pleading includes a section entitled "Cross Action," which may be intended as a counterclaim,[52] Defendant does not state any affirmative claim for relief and therefore everything after page six of Defendant's motion is deemed as his answer to the complaint.  If Defendant wishes to file a counterclaim he may do so in a separate document within 21 days of this order.

---

[50] *Terry v. Walker*, 369 F. Supp. 2d 818, 822 (W.D.Va. 2005); *see also Quilling v. Cristell*, No. 3:04-CV-252, 2006 WL 1889155, at *3 (W.D.N.C. July 7, 2006) (observing that the inconvenience to the parties must be "extreme" if it is "to justify thwarting the congressionally articulated policy that allows for extraterritorial jurisdiction in receivership cases").

[51] Motion to Dismiss at 4.

[52] *Id.* at 20–21.

**ORDER**

For the reasons stated above, all relief sought in Defendant's motion[53] to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, improper venue, and forum non conveniens is **DENIED**.  And Defendant's motion for a more definite statement is rendered **MOOT**.

Dated November 17, 2012.

BY THE COURT:

_____

David Nuffer
United States District Judge

---

[53] Motion to Dismiss, docket no. 7, filed June 11, 2012.