MANNING CURTIS BRADSHAW
        & BEDNAR LLC
David C. Castleberry [11531]
dcastleberry@mc2b.com
Christopher M. Glauser [12101]
cglauser@mc2b.com
136 East South Temple, Suite 1300
Salt Lake City, UT 84111
Telephone (801) 363-5678
Facsimile (801) 364-5678

*Attorneys for Plaintiff R. WAYNE KLEIN, the
Court-Appointed Receiver of U.S. Ventures, LC,
Winsome Investment Trust, and the assets of Robert
J. Andres and Robert L. Holloway*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>vs.<br><br>LOU GEORGES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:12–cv–00076 DN<br><br>Judge David Nuffer |

Plaintiff R. Wayne Klein's ("the Receiver") Motion for Summary Judgment,[1] ("Motion") was filed on August 26, 2014. No response to the Motion was filed, and the Motion was taken under advisement. After carefully considering the memoranda and evidence submitted by the

---

[1] Docket no. 27, filed August 26, 2014.

1

Receiver as well as the law and facts relating to the Motion, the Court determined to grant the Motion.[2]  As set forth below, the Court renders the following Memorandum Decision and Order.

## BACKGROUND

On January 24, 2011 the Commodity Futures Trading Commission ("CFTC") initiated a lawsuit in this District against US Ventures LLC ("US Ventures"), Winsome Investment Trust ("Winsome"), Robert J. Andres ("Andres"), and Robert L. Holloway ("Holloway") (collectively, "Receivership Defendants"), alleging that the Receivership Defendants were operating a fraudulent commodity investment program ("CFTC Action").  The CFTC Action is assigned to Judge Bruce Jenkins as Case No. 2:11-cv-99-BSJ.  After the CFTC asked the court to appoint a receiver over the affairs of Winsome and US Ventures, Judge Jenkins appointed R. Wayne Klein as Receiver for the Receivership Defendants.  The Receiver proceeded to investigate the affairs of Winsome and US Ventures and determined that both companies operated as Ponzi schemes.  Judgment has been entered in the CFTC Action against Receivership Defendants.[3]  Both Holloway and Andres have been criminally convicted for their roles in promoting US Ventures and Winsome.

In this action, the Receiver seeks to recover funds sent by Winsome to Defendant Lou Georges ("Georges").  With the material facts not in dispute, this action is ripe for summary judgment and being fully advised the Court hereby enters the following Memorandum Decision and Order.

---

[2] Docket Text Order, docket no. 28, filed October 21, 2014.

[3] (Docket no. 358 in the CFTC Action, filed June 6, 2014.

**Undisputed Facts**

1. The Receiver was appointed on January 25, 2011 in connection with an action filed by the CFTC against the Receivership Defendants in the United States District Court for the District of Utah.[4]

2. Winsome and its related companies operated as a fraudulent Ponzi scheme before the Receiver's appointment, and it was operating as a Ponzi scheme at the time of the transfers at issue.[5]

3. Georges received at least $48,500.00 in transfers from Winsome and from Bear & Bull, an entity controlled by Robert Andres that was also involved in the Winsome fraud and Ponzi scheme.[6]

4. Georges admits that he provided no value in exchange for these transfers, which he identifies as "gifts."[7]

5. Winsome and its related companies operated as a Ponzi scheme, causing innocent investors to collectively lose millions of dollars through Winsome.[8]

6. Georges received a benefit from these fraudulently received funds.[9]

---

[4] Case No. 2:11-cv-00099 BSJ.  *See* Declaration of R. Wayne Klein ¶ 1, attached as Ex. 1 to Motion, docket. no. 27-1, filed August 26, 2014..

[5] Motion, ¶ 3.

[6] *Id.* ¶ 4.

[7] *Id.* ¶ 5.

[8] *Id.* ¶ 8.

[9] *Id.*

3

## Standard of Review

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[10]   The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[11]  To show that no genuine issue of material fact exists, the moving party has the initial burden of production to establish that summary judgment is appropriate as a matter of law.[12]  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[13]  "An issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[14] On summary judgment, the Court views the evidence and draws inferences in a light most favorable to the non-moving party.[15]

## Analysis

In this action, the Receiver seeks to recover $48,500.00 in payments made by Winsome to Georges.  The Receiver filed a motion for summary judgment on his claims for actual fraudulent transfer, constructive fraudulent transfer, and unjust enrichment.  Each cause of action is addressed herein.

---

[10] *See* Fed. R. Civ. P. 56(a).

[11] *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[12] Pelt v. Utah, 539 F.3d 1271, 1280 (10th Cir. 2008).

[13] Sally Beauty Co., Inc. v. Beautyco, Inc., 304 F.3d 964, 971 (10th Cir. 2002).

[14] *Id.* at 972 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (10th Cir. 2002)).

[15] *See* Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wright v. Sw. Bell Tel. Co., 925 F.2d 1288, 1292 (10th Cir. 1991).

**1.     Actual Fraudulent Transfer**

Pursuant to UFTA, a transfer is actually fraudulent and may be avoided if the debtor made the transfer with actual intent to defraud a creditor.[16] If a defendant can successfully demonstrate that a transfer was received in good faith and for reasonably equivalent value, he or she can establish an affirmative defense to an actual fraudulent transfer.[17]

   a. *Actual Intent to Defraud:*

"Courts have routinely applied UFTA to allow receivers . . . to recover monies lost by Ponzi-scheme investors."[18] This is because the "Ponzi scheme operator is the 'debtor,' and each investor is a 'creditor.'"[19] One of the ways a receiver may recover under UFTA is if the entity placed in receivership, or the "debtor," transferred funds with the "actual intent to hinder, delay, or defraud" any of its creditors.[20] Courts recognize that the "mere existence of a Ponzi scheme is sufficient to establish actual intent to defraud" under UFTA.[21]

Utah case law has defined a Ponzi scheme as a "fraudulent investment scheme in which money contributed by later investors generates artificially high dividends for the original

---

[16] *See* Utah Code Ann. § 25-6-5(1)(a).

[17] Wing v. Apex Holding Co., No. 2:09-CV-00022, 2009 WL 2843343, at *5 (D. Utah Aug. 27, 2009).

[18] Donell v. Kowell, 533 F.3d 762, 767 (9th Cir. 2008).

[19]  *Id.* at 767.

[20] Utah Code Ann. § 25-6-5(1)(a); *see also* Donell, 533 F.3d at 770.

[21] Donell, 533 F.3d at 770 (citation and internal quotation marks omitted); *see also Plotkin v. Pomona Valley Imports, Inc. (*In re Cohen*)*, 199 B.R. 709, 717 (B.A.P. 9th Cir. 1996) ("Proof of a Ponzi scheme is sufficient to establish the Ponzi operator's actual intent to hinder, delay, or defraud creditors for purposes of actually fraudulent transfers"); Janvey v. Democratic Senatorial Campaign Comm., 712 F. 3d 185, 196 (5th Cir. 2013) ("[T]ransfers from a Ponzi scheme are presumptively made with intent to defraud"); S.E.C. v. Madison Real Estate Group, L.L.C., 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) ("Under the UFTA, a debtor's actual intent to hinder, delay, or defraud is conclusively established by proving that the debtor operated as a Ponzi scheme.")

investors, whose example attracts even larger investments."[22]  In general, Ponzi schemes collapse on themselves because the returns paid to investors are not based on returns from the underlying business venture but from the principal of other investors.[23]  Here, Winsome and its related companies acted as a Ponzi scheme at the time the transfers were made, and, therefore, Winsome's transfers to Georges were done with an actual intent to defraud in violation of UFTA.[24]  Moreover, Georges admits he received the $48,500.00 at issue.  Accordingly, the only remaining issue is whether Georges can prove the affirmative defense set forth in Utah Code Ann. § 25-6-9, which requires him to demonstrate that he received the transfers at issue in good faith and for reasonably equivalent value.  Upon consideration and for the reasons stated herein, the Court agrees with the Receiver and concludes that Georges cannot establish the affirmative defense available under Utah Code Ann. § 25-6-9 because he has not proven that he provided reasonably equivalent value to Winsome for the transfers he received from  Winsome.

    b. *Reasonably Equivalent Value:*

Utah Code Ann. § 25-6-9(1) provides that a transfer is not voidable "against a person who took in good faith and for a reasonably equivalent value."  Demonstrating that a transfer was received in good faith and for reasonably equivalent value is an affirmative defense, and the burden is on Georges to prove both of these elements.[25]  The pertinent question here is whether

---

[22] State v. Bolson, 167 P.3d 539 (Utah App. 2007) (citing *Black's Law Dictionary* 1180 (7th ed.1999)).

[23] *Sender v. Nancy Elizabeth R. Heggland Family Trust (n re* Hedged-Investments Assoc*s.*, Inc.*)*, 48 F.3d 470, 471 n. 2 (10th Cir. 1995).

[24] *See* Utah Code Ann. § 25-6-5(1)(a).

[25] *See* Wing v. Apex Holding Co., 2009 WL 2843343, at *6  ("whether a defendant took payments from [Ponzi scheme receivership entity] in good faith and for reasonably equivalent value is an affirmative defense."); *see also* Wing v. Holder, No. 2:09-CV-118, 2010 WL 5021087, at * 2-3 (D. Utah  December 3, 2010); Terry v. June, 432 F. Supp. 2d 635, 641-42 (W.D. Va. 2006); *cf.* Barnard & Burk Group, Inc. v. Labor Com*m*'n, 122 P.3d 700, 704 (Utah Ct. App. 2005) (noting that defendant bore the burden of proving statute of limitation defense "[a]s with any affirmative defense").

Winsome received reasonably equivalent value for its payments to Georges. This question is answered from the perspective of the tort creditors of Winsome, its defrauded investors.[26] In other words, the question is not whether Georges "*gave* reasonably equivalent value; it is whether [Winsome] *received* reasonably equivalent value."[27] Georges has not met the burden of proving this affirmative defense.

Georges admits that he did not provide reasonably equivalent value to Winsome or its related companies in exchange for the gifts of $48,500.00 that he received. There is also no evidence that Winsome received any benefit in exchange for the payments. As a result, because it is undisputed that the transfers at issue were made by Winsome or its related companies while operating as a Ponzi scheme, and that Winsome did not receive any value from Georges in exchange for these transfers, the transfers at issue were actual fraudulent transfers under Utah Code Ann. § 25-6-5(1)(a).

2. **Constructive Fraudulent Transfer**

Pursuant to UFTA, a transfer can also be avoided as a constructive fraudulent transfer if 1) "the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange" and 2) the transferor could not pay its debts as they became due.[28] As discussed above, Winsome did not receive reasonably equivalent value in exchange for the transfers at issue. Further, Winsome's operation as a Ponzi scheme also shows that Winsome "intended to

---

[26] *Jordan v. Kroneberger (*In re Jordan*), 392 B.R. 428, 441 (Bankr. D. Idaho 2008)* ("Whether a debtor received a reasonably equivalent value is analyzed from the point of view of the debtor's creditors, because the function of this element is to allow avoidance of only those transfers that result in a diminution of a debtor's . . . assets."); *see also Donell,* 533 F.3d at 767 (explaining that, in a Ponzi scheme, the Ponzi scheme operator is the "debtor," and each good faith investor in the scheme who has not regained his initial investment is a "creditor").

[27] *GE Capital Auto Lease, Inc. v. Broach (*In re Lucas Dallas, Inc.), 185 B.R. 801, 807 (B.A.P. 9th Cir. 1995).

[28] Utah Code Ann. § 25-6-5(1)(b).

7

incur, or believed or reasonably should have believed that [it] would incur, debts beyond [its] ability to pay as they became due."[29] Accordingly, the transfers at issue were also constructively fraudulent under Utah Code Ann. § 25-6-5(1)(b).

### 3. Unjust Enrichment Claim

The Receiver seeks a judgment for unjust enrichment in the alternative based on the same facts that support his fraudulent transfer claim. A claim for unjust enrichment requires the plaintiff to satisfy three elements: (1) a benefit conferred on the defendant; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.[30]

Georges's receipt of the funds from the Ponzi scheme satisfies the three elements to prevail on an unjust enrichment claim. Georges plainly received a known benefit when he received nearly $48,500.00 from Winsome as gifts. Georges's retention of that benefit is unjust because the money was derived from other innocent investors' payments to a fraudulent Ponzi scheme, not actual investment gains, and because Georges provided no benefit to Winsome in exchange for the payments. Under these circumstances, particularly where there are other innocent investors who have suffered significant losses, retention by Georges of these payments would be unjust.[31] Therefore, Georges is liable on the Receiver's unjust enrichment claim.

---

[29] Donell, 533 F.3d at 771.

[30] *See* Rawlings v. Rawlings, 240 P.3d 754, 763 (Utah 2010) (citing Jeffs v. Stubbs, 970 P.2d 1234, 1247-48 (Utah 1998)).

[31] *See* Kapila v. Bennett (In re Pearlman), 472 B.R. 115, 125 (Bankr. M.D. Fla. 2012) (noting that the "trustee has stated a valid cause of action that, if proven, defendants were unjustly enriched when they received payments to the extent they exceed defendants' original investments.")

## ORDER

Accordingly, for the reasons now stated herein:

Plaintiff's Motion for Summary Judgment filed by the Receiver is GRANTED.[32]

Consistent therewith, Judgment is hereby entered against Defendant Georges and in favor of the Receiver in the amount of $48,500.00, with post-judgment interest accruing at the legal rate. The Clerk is directed to close the case.

IT IS SO ORDERED.

DATED this 24th day of November, 2014.

BY THE COURT:

Judge David Nuffer
United States District Judge

---

[32] Docket no. 27, filed August 26, 2014.